FILED
97 MAR 14 PM 3: 28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**BERNICE LOU CHANCE,**  ]
]
    Plaintiff(s),  ]
]
vs.  ]    CV-96-N-2234-NE
]
**SHIRLEY S. CHATER,**  ]
**Commissioner of Social**  ]
**Security,**  ]
]
    Defendant(s).  ]

ENTERED
MAR 14 1997

### Memorandum of Opinion

**I.   Introduction.**

    Plaintiff Bernice Lou Chance is appealing from the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. This case is properly before the court pursuant to 42 U.S.C. § 405(g). A hearing before the Administrative Law Judge ("ALJ") was held on February 21, 1995. Ann Darnell, a duly qualified vocational expert, testified at this hearing regarding Ms. Chance's ability to become gainfully employed.

    At the time of the hearing Ms. Chance was 56 years old. She has a ninth grade education and has worked as a short order cook and a home health care attendant. (R. 15). The claimant sustained an on-the-job injury to her back on February 22, 1992, and entered into a worker's compensation settlement in the amount of $18,000 in May of 1994. She testified that she underwent conservative treatment but no surgery at the time of her injury and attempted for a brief period to return to work but could not continue due to back



pain. (R. 15). Ms. Chance asserts that she has been disabled since December 17, 1993, due to shortness of breath, inability to stoop or bend a great deal, and back pain which is increased by walking and standing. (R. 15, 38). The claimant has filed nine applications for Supplemental Security Income ("SSI"). (R. 15). The ALJ concluded that although Ms. Chance suffers with less than moderate pain, she retains the residual functional capacity to perform a range of sedentary work, she can return to her past relevant work, and thus she is not disabled. (R. 21-23). Upon due consideration, the decision of the Commissioner will be affirmed.

## II.     Standard of Review.

In reviewing claims brought under the Social Security Act, the court is limited to determining (1) whether the Commissioner's factual findings are supported by substantial evidence, and (2) whether the correct legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Substantial evidence is "more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). Further, the court cannot reweigh evidence, nor should it substitute its own judgment for that of the Commissioner. *Id.* Even if the court finds that the evidence preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Id.* Thus, the court must review the evidence in its entirety, taking into account evidence both favorable and unfavorable to the decision of the Commissioner. *Id.* Despite the deference shown to the

Commissioner's decision, however, there is no presumption of validity. *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Furthermore, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III.     Discussion.

The claimant is proceeding *pro se* in this cause of action. In her letter to the court, she states that the ALJ's determination that she can perform her past relevant work is erroneous. *Claimant's Letter* at 1-4 (unnumbered pages). She contends that a sit/stand option and a ten pound lifting limitation are not realistic restrictions on a home health aide. She asserts that, according to Social Security guidelines, home health aides generally perform light work, while her past work, as she described it at the hearing, was primarily sedentary. Therefore, Ms. Chance contends that it is unrealistic that she could find employment in her former field on a regular basis that would accommodate her physical limitations. *Id.* at 1-2. She further states that the ALJ's finding that she suffers from mild mental retardation and the medical evidence of degenerative disc disease which allegedly confirms her subjective complaints of pain warrant a finding that she cannot perform her past relevant work. *Id.* at 3-4.

Under the Social Security Act, Ms. Chance has the initial burden of proving that she cannot perform her past relevant work. *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). If she cannot meet this burden, she is not disabled under the Social Security Act. *See* 20 C.F.R. § 416.920(e) (claimant who can perform past work is not disabled). The ALJ, after considering the claimant's subjective complaints of pain, the objective medical evidence, and the

3

vocational expert's testimony, determined that Ms. Chance had not met her burden, can in fact perform her past relevant work, and thus is not disabled. The court has examined the administrative record and concludes that the Commissioner's factual findings are supported by substantial evidence.

### A.     **Findings of Fact.**

The ALJ found that the medical evidence establishes that Ms. Chance suffers from, among other ailments, chronic back pain, chronic obstructive pulmonary disease, and degenerative disc disease of the lumbar spine, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in the guidelines. (R. 22). The ALJ also found that the claimant's allegations of such severe and frequent pain as to keep her from gainful sedentary employment were not credible. (R. 22). Third, the ALJ found that Ms. Chance retains the residual functional capacity to perform work-related activities; however, she is limited to lifting ten pounds, she must have a sit/stand option at will, and she cannot engage in repetitive bending, stooping, squatting, or pushing and pulling movements with her left leg. (R. 22-23). He also found that she has mild mental retardation that slightly restricts her daily living activities and social functioning. (R. 23). Finally, he found that since Ms. Chance's past relevant work as a home health care attendant did not require that she perform activities which are precluded by her physical limitations, the claimant can thus perform her past relevant work and is not disabled as defined in the Social Security Act. (R. 23).

### B.     **Subjective Complaints of Pain.**

The ALJ considered Ms. Chance's subjective complaints of pain in accordance with Social Security guidelines set out in 20 C.F.R. § 404.1529 and Social Security Ruling 88-13. The ALJ also properly considered the Eleventh Circuit's three-part pain standard used to establish a disability through personal testimony of pain or other subjective symptoms. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th. Cir. 1991).

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* The ALJ recognized that Ms. Chance has chronic back strain and degenerative disc disease of the lumbar spine. However, the ALJ's review of the objective medical evidence failed to confirm either the severity of the claimant's alleged pain or that her pain is of such severity that it can be reasonably expected to give rise to the alleged pain. These findings are supported by objective medical evidence included in the record.

Ms. Chance testified that she experiences severe back pain that prevents her from walking, stooping, or bending and necessitates frequent emergency room treatment. (R. 38, 41-42). She stated that she takes Tylenol and B.C. Powder and treats her back with heat to alleviate the pain. (R. 47). The claimant underwent a lumbar laminectomy in 1982 but returned to work after the operation. After Ms. Chance injured her back in 1992, she sought treatment from several doctors. One of them, George Buckner, M.D., performed a CT scan, a bone scan, and x-rays and indicated he saw no physiological reason for Ms. Chance's alleged pain. (R. 136-48). Dr. Buckner authorized the claimant to return to work on February 12, 1993, restricting her to lifting no more than ten pounds and advising her to

5

avoid excessive bending, stooping, and long periods of walking or standing. (R. 137). He took the claimant off all pain medications on March 12, 1993, and gave her only a five percent permanent partial impairment as a result of her chronic back strain. (R. 135-36). Walter Meyer, M.D. prescribed Darvocet for the claimant's pain on March 1, 1993, which he refilled only once. (R. 155). He would not grant her subsequent requests for refills. (R. 151-55).

The ALJ articulated his "explicit and adequate reasons," *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987), for finding that Ms. Chance's testimony regarding the severity of her pain was less than credible. These reasons are supported by substantial evidence and demonstrate that the ALJ properly utilized the Eleventh Circuit's three-part pain standard.

### C. Vocational Expert Testimony.

At the administrative hearing on February 21, 1995, the ALJ heard testimony from Ann Darnell, a qualified vocational expert. After Ms. Darnell acknowledged that she had reviewed Ms. Chance's records, the ALJ first asked Ms. Darnell to characterize the claimant's past relevant work history as to exertional and skill levels. She replied that the past work "would consist of home health attendant, light exertion level semiskilled; short order cook, light exertion level, semiskilled." (R. 49-50). Then the ALJ asked Ms. Darnell if Ms. Chance could perform her past relevant work, considering the following limitations:

> [A]ssume I find the claimant could do a limited range of sedentary work, that she can lift up to ten pounds. She'd need a sit/stand option, sitting and standing at will with no prolonged standing and walking. But she can perform no repetitive bending or stooping, no squatting, no repetitive left leg

6

pushing and pulling movements, no working around excessive breathing irritants or temperature extremes, and she suffers with moderate pain.

(R. 50). Ms. Darnell replied that the claimant "would be able to perform her occupation of home health aide . . . and would be precluded from the short order cook job." (R. 50). Ms. Darnell did not change her opinion when the ALJ added the limitation that the claimant was mildly mentally retarded. (R. 50-51).

The limitations imposed upon Ms. Chance in the hypothetical posed by the ALJ to the vocational expert encompass those supported by the objective medical evidence. While Ms. Chance asserts that sedentary home health care aide positions are rare, the vocational expert considered the sedentary limitations and was nevertheless of the opinion that the claimant could perform her past relevant work.

### D.  **Mild Mental Retardation.**

Ms. Chance contends that because the ALJ found that she is mildly mentally retarded, *see* R. 22-23, he should have thus found that she is disabled within the meaning of the Social Security Act. *Claimant's Letter* at 2-3 (unnumbered pages). The ALJ found that while Ms. Chance has "mild mental retardation and has a mental residual functional capacity equating on the psychiatric review technique form to slight restriction of activities of daily living and social functioning," she "seldom experiences deficiencies of concentration persistence or pace and has never experienced [an] episode of deterioration or decompensation in a work or worklike setting." (R. 23).

The federal regulations recognize that mental retardation involves not only a low IQ score that was manifested prior to age 22, but also requires significant "deficits in adaptive

7

behavior." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. Likewise, the Eleventh Circuit has directed a finder of fact to examine the results of an IQ test in conjunction with other medical evidence and with the claimant's daily activities and behavior. *Popp v. Heckler*, 779 F.2d 1497, 1500 (11th Cir. 1986).

The record reveals that Ms. Chance worked for many years, (R. 93), completed nine years of school, (R. 34), and was married twice and raised three children. (R. 35). The State of Alabama has issued her a driver's license, (R. 45), and she testified at the hearing without any apparent difficulty. Further, the objective medical evidence does not indicate that she suffers from any significant intellectual or adaptive deficiencies other than anxiety. Accordingly, the ALJ properly considered not only the results of the claimant's IQ test, but examined the medical record and evidence of Ms. Chance's daily activities and behavior; therefore, his finding that her mild mental retardation is not a disability as defined by the Social Security Act is supported by substantial evidence.

### IV. Conclusion.

Accordingly, the court finds that the Commissioner's decision that Ms. Chance is not entitled to a period of disability or disability insurance benefits under the Social Security Act is support by substantial evidence. Having found no errors of law, the Commissioner's decision will be affirmed. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this __14th__ of March, 1997.

*[signature]*
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

9